UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JACQUELINE ROLANDELLI,

                Plaintiff,      08 Civ. (   )

-against-

                **JUDGE KARAS**

INTELLIGENT SEARCH TECHNOLOGY, LTD,    COMPLAINT
and RICHARD WAGNER, individually,

                Defendants.   Jury Trial Demanded
-----------------------------------------------------------x

        08 CIV. 6791

Plaintiff JACQUELINE ROLANDELLI, by her attorney Jonathan Lovett, Esq., for her complaint respectfully states:

### NATURE OF THE ACTION

1. This is an action for compensatory and punitive damages proximately resulting from gender discriminatory and gender retaliatory conduct engaged in by Defendants in violation of Plaintiff's rights as guaranteed by 42 U.S.C. §2000e *et. seq.*

### JURISDICTION

2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343. On June 9, 2008, Plaintiff duly filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission (hereinafter "EEOC") alleging discrimination premised upon gender as well as retaliation for her having expressed opposition to same. On July 8, 2008, the EEOC duly issued to her a Notice of Right to Sue. Plaintiff's state

1

law claim is interposed in accordance with the Court's supplemental jurisdiction, 28 U.S.C. §1367.

## THE PARTIES

3. Plaintiff JACQUELINE ROLANDELLI is a single mother, a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. Except as otherwise stated, at the time of the events set forth *infra* Plaintiff was employed by the Defendant corporation as its Director of Human Resources. In that connection her job performance was consistently excellent, resulting in her repeatedly receiving salary increments and/or bonuses.

4. Defendant INTELLIGENT SEARCH TECHNOLOGY, LTD (hereinafter "Intelligent") is upon information and belief a New York corporation with offices for the conduct of business situated at 445 Hamilton Avenue, Suite 608, White Plains, New York. Intelligent is sued under both federal and state law as Plaintiff's now-former employer.

5. Defendant RICHARD WAGNER (hereinafter "Wagner"), who is sued in his individual and personal capacities only, at all times relevant to this complaint was Intelligent's President and/or Chief Executive Officer. He is sued as an aider and abettor in connection with Plaintiff's state law claim.

## THE FACTS

6. Commencing on April 8, 2008, Wagner began subjecting Plaintiff to systemic, continuing, unwanted and unsolicited sexual harassment in the Intelligent workplace.

2

7. In that connection he advised Plaintiff, in conversations that he did not know were recorded:

   a. If he were not married he would spent a lot of time with her,

   b. "You know how much I enjoy spending time with you",

   c. "You look good. You are one fine piece of woman",

   d. "If I were single I would go nuts over you and tell you something you wouldn't get enough, cause you know that guy on 2 1/2 Men [making a gesture with his mouth] – that's my favorite thing [a reference to oral sex]",

   e. "You're a beautiful woman, very fortunate", and *inter alia*,

   f. "You're hot".

8. Plaintiff repeatedly expressed to Wagner her discomfort with respect to his sexual comments, only to be ignored by Wagner who persisted in lacing the workplace with sexual comments and innuendo directed at her.

9. On May 13, 2008, Plaintiff formally confronted Wagner regarding his sexually offensive comments, making it clear to him that his sexist comments were adversely affecting her ability to perform her job responsibilities, demanding that he treat her professionally, and demanding that he cease his offensive gender hostile comments.

10. Two days after that confrontation Intelligent, at the request of Wagner, retaliated against Plaintiff and summarily terminated her employment because she opposed and would not submit to Wagner's sexual entreaties.

11. As a proximate result of Defendants' conduct Plaintiff has been forced to suffer: an unlawful, hostile work environment due to her gender; unlawful retaliation for

her having opposed that hostile work environment; pecuniary losses; anxiety; emotional upset; public embarrassment; shame; public degradation; public humiliation; and she has otherwise been rendered sick and sore.

### AS AND FOR A FIRST CLAIM
### AGAINST INTELLIGENT, AS EMPLOYER

12. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "11", inclusive.

13. Under the premises Intelligent's maintenance of a gender hostile workplace violated Plaintiff's rights as guaranteed by 42 U.S.C. §2000e *et. seq.*

### AS AND FOR A SECOND CLAIM
### AGAINST INTELLIGENT, AS EMPLOYER

14. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to"11", inclusive.

15. Under the premises Intelligent's termination of Plaintiff's employment violated her right to be free from retaliation as guaranteed by 42 U.S.C. §2000e *et. seq.*

### AS AND FOR A THIRD CLAIM
### AGAINST WAGNER, AS AIDER AND ABETTOR,
### AND INTELLIGENT, AS EMPLOYER

16. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "11", inclusive.

17. Under the premises Wagner and Intelligent's conduct violated Plaintiff's rights to a workplace free from gender discrimination as guaranteed by Section 296 *et. seq* of the New York State Executive Law.

### AS AND FOR A FOURTH CLAIM
### AGAINST WAGNER, AS AIDER AND ABETTOR,
### AND INTELLIGENT, AS EMPLOYER

18. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "11", inclusive.

19. Under the premises Wagner and Intelligent's conduct violated Plaintiff's right, guaranteed by Section 296 *et. seq* of the New York State Executive Law, to be free from retaliation for having opposed gender discrimination in the workplace.

WHEREFORE a judgment is respectfully requested:

   a. Awarding against Intelligent on the First, Second, Third and Fourth Claims such compensatory damages as the jury may determine,

   b. Awarding against Intelligent on the First and Second Claims, such punitive damages as the jury may impose,

   c. Awarding against Intelligent on the First and Second Claims reasonable attorneys fees and costs,

   d. Awarding against Wagner on the Third and Fourth Claims such compensatory damages as the jury may determine, and,

    e. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
       July 19, 2008

 

_____
Jonathan Lovett (4854)
Attorneys for Plaintiff
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401