UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
One North Broadway, Suite 1502
White Plains, New York  10601
(914) 328-0404
Counsel for Defendants:
    Joseph A. Saccomano (JS 7504 )
    Susanne Kantor (SK 8278)

-----------------------------------------------------------------X
JACQUELINE ROLANDELLI,

                       Plaintiff,

    - against –

INTELLIGENT SEARCH TECHNOLOGY, LTD.,
And RICHARD WAGNER, Individually,

                      Defendants.
-----------------------------------------------------------------X

Civ. No. 08 cv 6791 (KMK)

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Intelligent Search Technology, LTD., and Richard Wagner, by and through their attorneys, Jackson Lewis LLP, for their Answer to Plaintiff's Complaint herein state as follows:

### AS TO "NATURE OF THE ACTION"

1. Defendants deny the allegations set forth in Paragraph 1 of the Complaint, except admit that Plaintiff purports to bring this action for alleged violation of 42 U.S.C. § 2000e *et seq.*

### AS TO "JURISDICTION"

2. Defendants deny the allegations set forth in Paragraph 2 of the Complaint, except admit that Plaintiff purports to invoke this Court's jurisdiction pursuant to 28 U.S.C. §§

1331 and 1343. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the issuance of a "Notice of Right to Sue" by the EEOC.

## AS TO "PARTIES"

3. Defendants deny the allegations set forth in Paragraph 3 of the Complaint.

4. Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

5. Defendants deny the allegations set forth in Paragraph 5 of the Complaint.

## AS TO "THE FACTS"

6. Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants deny the allegations set forth in Paragraph 7 of the Complaint, including the sub-parts, thereto.

8. Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9. Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

11. Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

## AS TO THE "FIRST CLAIM AGAINST INTELLIGENT, AS EMPLOYER"

12. Defendants repeat and re-allege their responses to Paragraphs "1" through "11" of the Complaint as though fully set forth herein in response to Paragraph 12 of the Complaint.

13. Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

## AS TO THE "SECOND CLAIM AGAINST INTELLIGENT, AS EMPLOYER"

14. Defendants repeat and re-allege their responses to Paragraphs "1" through "11" of the Complaint as though fully set forth herein in response to Paragraph 14 of the Complaint.

15. Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

## AS TO THE "THIRD CLAIM AGAINST WAGNER, AS AIDER AND ABETTOR, AND INTELLIGENT, AS EMPLOYER"

16. Defendants repeat and re-allege their responses to Paragraphs "1" through "11" of the Complaint as though fully set forth herein in response to Paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in Paragraph 17 of the Complaint.

## AS TO THE "FOURTH CLAIM AGAINST WAGNER, AS AIDER AND ABETTOR, AND INTELLIGENT, AS EMPLOYER"

18. Defendants repeat and re-allege their responses to Paragraphs "1" through "11" of the Complaint as though fully set forth herein in response to Paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in Paragraph 19 of the Complaint, and all claims for relief requested thereunder.

## FIRST AFFIRMATIVE DEFENSE

20. Plaintiff's Complaint should be dismissed because it fails to state a claim, in whole or in part, upon which relief could be granted or for which the damages sought can be awarded.

**SECOND AFFIRMATIVE DEFENSE**

21. Plaintiff's Complaint fails to state a claim, in whole or in part, upon which compensatory or punitive damages may be awarded.

**THIRD AFFIRMATIVE DEFENSE**

22. At all times relevant hereto, Defendants acted in good faith based on reasonable factors other than gender and have not violated any rights which may be secured to Plaintiff under any federal, state, city or local laws, rules, regulations or guidelines.

**FOURTH AFFIRMATIVE DEFENSE**

23. Defendants' actions regarding Plaintiff were at all times based upon legitimate, non-discriminatory reasons.

**FIFTH AFFIRMATIVE DEFENSE**

24. Plaintiff has failed to make diligent and good faith efforts to mitigate her damages, if any, and as such, is not eligible to receive lost wages and/or other relief.

**SIXTH AFFIRMATIVE DEFENSE**

25. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

26. Plaintiff's claims are barred, in whole or in part, by her election of remedies.

**EIGHTH AFFIRMATIVE DEFENSE**

27. Plaintiff's employment, at all times relevant to this action, was at-will and could be terminated by either party for any reason and at any time, with or without notice.

**NINTH AFFIRMATIVE DEFENSE**

28. Plaintiff's claims for emotional distress are barred by the exclusive remedy provisions of the New York Workers' Compensation Law.

### TENTH AFFIRMATIVE DEFENSE

29. Plaintiff has failed to satisfy the statutory prerequisites for filing some or all of her claims.

### ELEVENTH AFFIRMATIVE DEFENSE

30. Plaintiff's Complaint fails to state a claim, in whole or in part, upon which attorneys' fees may be awarded.

### TWELFTH AFFIRMATIVE DEFENSE

31. Even if Plaintiff could prove her sex was a factor in any employment actions, which it was not, Defendants would have taken the same employment actions regardless of Plaintiff's sex.

### THIRTEENTH AFFIRMATIVE DEFENSE

32. Plaintiff's Complaint should be dismissed because all actions taken by Defendants with respect to Plaintiff were undertaken in good faith for legitimate business reasons unrelated to Plaintiff's sex.

### FOURTEENTH AFFIRMATIVE DEFENSE

33. Plaintiff's claim for sexual harassment is barred and/or any recovery of damages is precluded because the Defendants exercised reasonable care to prevent and correct promptly any alleged sexually harassing behavior.

### FIFTEENTH AFFIRMATIVE DEFENSE

34. Plaintiff's claim for sexual harassment is barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of the Defendants' preventive or corrective opportunities to avoid harm otherwise.

### SIXTEENTH AFFIRMATIVE DEFENSE

35. Plaintiff's claim for sexual harassment under the New York Human Rights Law must be dismissed because Defendants did not aid, abet, condone, or acquiesce in any alleged unlawful harassment or discriminatory acts.

### SEVENTEENTH AFFIRMATIVE DEFENSE

36. Plaintiff's claims for damages are barred, in whole or in part, by the after-acquired evidence doctrine.

WHEREFORE, Defendants respectfully ask this Court to:

1. Dismiss Plaintiff's Complaint and all claims for relief set forth therein;

2. Grant such other and further relief as this Court may find to be just and proper, including reimbursement for the attorneys' fees and costs incurred in defending this meritless and vexatious action.

Respectfully submitted,

JACKSON LEWIS LLP
One North Broadway, Suite 1502
White Plains, New York 10601
(914) 328-0404

BY: _____
Joseph A. Saccomano, Jr. (JS 7504)
Susanne Kantor (SK 8278)

ATTORNEYS FOR DEFENDANTS

Dated: August 22, 2008
White Plains, New York

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
JACQUELINE ROLANDELLI,                          :
                                                :   Civ. No. 08 cv 6791 (KMK)
                    **Plaintiff**,              :
                                                :
    - against –                                 :
                                                :
INTELLIGENT SEARCH TECHNOLOGY, LTD.,            :
And RICHARD WAGNER, Individually,               :
                                                :
                    **Defendants.**             :
------------------------------------------------------------------X

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing Answer of Defendants to Plaintiff's Complaint has been electronically filed and served via First Class mail this 22nd day of August, 2008, on:

Jonathan Lovett (4854)
Lovett & Gould, LLP
222 Bloomingdale Road
White Plains, New York 10605
(914) 428-8401
*Counsel for Plaintiff*

_____
Susanne Kantor